UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

CHRISTOPHER JOHNSON                                                    MOVANT/DEFENDANT

v.                                                                    CRIMINAL ACTION NO. 4:02CR-14-M

UNITED STATES OF AMERICA                                              RESPONDENT/PLAINTIFF

## MEMORANDUM OPINION

Movant Christopher Johnson filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (DN 68). Upon preliminary review the Court found that his § 2255 motion was filed well outside the one-year statute of limitations, and is time barred under § 2255(f)(1) (DN 70). The Court entered a Memorandum and Order in which it gave Movant 30 days in which to show cause why his § 2255 motion should not be dismissed as barred by the applicable one-year statute of limitations (DN 70). The 30 days have expired, and Movant has failed to respond to the Court's show cause order.

Section 2255 provides for a one-year limitations period, which shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Movant's Judgment and Commitment was entered January 8, 2003 (DN 29). No appeal was filed. Under § 2255(f)(1), the one-year limitations period, therefore, began running on January 23, 2003,[1] and expired one year later on January 23, 2004. Although the Court need not decide the exact date that Movant's § 2255 motion was filed, it appears that August 15, 2012, the date of his original motion seeking to be set free,[2] is the earliest possible date the Court could deem Movant's § 2255 motion as being filed. Thus, his § 2255 motion was filed well outside the one-year statute of limitations, and it is time barred under § 2255(f)(1).

In his § 2255 motion, Movant states that he did not appeal or raise the issues in the present § 2255 motion earlier because he did not know his rights or how to go about pursuing these matters legally, did not have money, and did not have anyone to help him. It appears that Movant may be attempting to argue that the one-year limitations period should be equitably tolled in his case. Because § 2255's one-year statute of limitations is not jurisdictional, it is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1005-07 (6th Cir. 2001). "Equitable tolling is used sparingly and 'only if two requirements are met. First, the petitioner

---

[1] At the time Movant was sentenced, the appeal period was 10 days, Fed. R. App. P. 4(b) (eff. Dec. 1, 1993), and the intermediate weekends and legal holidays were not counted in the computation. Fed. R. App. P. 26(a)(2) (eff. Dec. 1, 2002). Effective December 1, 2009, the appeal period is now 14 days. Fed. R. App. P. 4(b)(1)(A).

[2] Under the mailbox rule, a document is deemed filed with a court on the date that it is deposited in the prison mail system for mailing. *See, e.g., Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a *pro se* prisoner's notice of appeal on habeas corpus review is deemed filed on the date that it is turned over to prison officials for transmittal to court); *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (applying the mailbox rule to § 2255 actions). Movant filed a motion dated August 15, 2012, in which he requested the Court to turn him free (DN 64). Although it is unclear when this motion was deposited in the prison mail system for mailing, the August 15th date would be the earliest possible date. The Court ordered Movant to notify the Court as to whether he wanted the Court to proceed with review of this motion as a § 2255 motion (DN 67). Movant responded to the Court's Memorandum and Order by filing a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence on a court-approved form (DN 68).

must establish that he has been pursuing his rights diligently. And second, the petitioner must show that some extraordinary circumstance stood in his way and prevented timely filing.'" *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (quoting *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011)). Movant has the burden of persuading the Court that he is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). To the extent Movant is arguing equitable tolling in this case, he has failed to allege facts warranting equitable tolling.

Movant fails to set forth any facts to show that he was pursuing his rights diligently. He does not provide the Court with any efforts he made to pursue his case between the time of his Judgment and Commitment in January 2003 until August 15, 2012, the date he wrote a letter to the Court asking to be "turned free." Movant's failure to establish that he has been pursuing his rights diligently is reason enough to preclude equitable tolling. *See Williams v. Warden, Chillicothe Corr. Inst.*, No. 1:11-CV-448, 2012 WL 1658877, at *5 (S.D. Ohio May 11, 2012) (where the court recognized that both reasonable diligence and extraordinary circumstances are required to support equitable tolling).

However, Movant also fails to show extraordinary circumstances prevented his timely filing. Movant's arguments that he did not know his rights, did not know how to go about pursuing these matters legally, and did not have anyone to help him are unavailing. *See Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (recognizing that ignorance of the law alone does not warrant equitable tolling); *Price v. Jamrog*, No. 03-1463, 2003 WL 22435645, at *2 (6th Cir. Oct. 23, 2003) (recognizing that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing") (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th

Cir. 1999)); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (concluding that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . ., there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer"). Likewise, Movant's contention that he lacked the financial resources to pursue these matters is unavailing. *See Nhan Hoang Le v. Harrington*, No. SACV 10-1825-ODW (MAN), 2011 WL 3812619, at *6 (C.D. Cal. July 20, 2011) ("[A] lack of legal training and financial resources, unfortunately, tend to be constant, unchanging facts of life for most prisoners, a finding that these circumstances are 'extraordinary,' in spite of their pervasiveness, would create the potential for endless tolling . . . ."); *Gonzalez v. Martel*, No. CV 08-4087-AHS (MAN), 2009 WL 6340018, at *6 (C.D. Cal. Dec. 17, 2009) (where the court found that the petitioner's lack of both legal training and financial resources to retain counsel were not extraordinary circumstances sufficient to support equitable tolling).

Clearly, Movant has failed to persuade the Court that he is entitled to equitable tolling. Accordingly, the Court will deny the § 2255 motion and dismiss this action.

## Certificate of Appealability

Before Movant may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that

4

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. If the motion was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal. *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the [motion] or that the [movant] should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable. A certificate of appealability must, therefore, be denied.

The Court will enter an Order consistent with this Memorandum Opinion.

Date: January 4, 2013

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Movant, *pro se*
United States Attorney, WDKY

4414.003

5